**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MANUEL ANTONIO HERRERA HERNANDEZ,**

**Plaintiff,**

**v.** **Case No. 22-cv-508**

**THERESA LEE, *et al.*,**

**Defendants.**

---

**ORDER**

---

Plaintiff Manuel Antonio Herrera Hernandez, who is incarcerated at Oconto County Jail and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 9.) Hernandez was allowed to proceed on an access to courts claim against defendants Theresa Lee, Jacob Bohl, Kyle Tritt, and Charles York. The defendants filed a motion for summary judgment on the grounds that Hernandez failed to exhaust his administrative remedies. (ECF No. 17.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 12.) The motion is fully briefed and ready for a decision. For the reasons stated below, the court grants the defendants' motion for summary judgment on exhaustion grounds without prejudice.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must

clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i), including submitting a complaint later than 14 calendar days from the date of the alleged incident. An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10).

*Hernandez's Claims*

While incarcerated in Waupun Correctional Institution, Hernandez alleges that when he was released from the Restricted Housing Unit (RHU), he did not receive his legal paperwork because of the defendants' actions. (ECF No. 8 at 4.) As a result, he missed a deadline to pay an initial partial filing fee on another case, which resulted in that case getting dismissed. (*Id.*)

*Hernandez's Attempts to Exhaust His Administrative Remedies*

Hernandez's efforts to exhaust his administrative remedies are largely undisputed. On December 27, 2021, the ICE received inmate complaint WCI-2021-19706, dated December 23, 2021, wherein Hernandez complained that the defendants misplaced his legal paperwork. (ECF No. 19, ¶ 2.) On November 2, 2021, Hernandez signed a form stating that he received his legal paperwork while he was housed in the RHU. (*Id.*, ¶ 3.) As such, the ICE rejected Hernandez's inmate complaint as

untimely. (*Id.*, ¶ 5.) The ICE determined that because Hernandez signed the form acknowledging receipt of his legal paper on November 2, 2021, he learned of the incident that day; thus, the inmate complaint needed to be received by November 16, 2021, within 14 days of the incident, to be timely. (*Id.*, ¶¶ 3-5.)

On February 4, 2022, Hernandez filed a Request for Review of a Rejected Complaint, where he stated that he did not realize that his legal paperwork was missing until he was released from RHU on December 15, 2021, and his property was returned to him. (ECF No. 19, ¶ 6.) The defendants stated that Hernandez did not state in his request for review why he signed for his legal paperwork on November 2, 2021. (*Id.*, ¶ 7.) Hernandez states that he wrote on every request slip that he signed the November 2, 2021, form because Lee told him that his legal paperwork was in with the rest of his property on that day. (ECF No. 30, ¶ 7.) He believed Lee's assertion, and it was not until he was released from RHU on December 15, 2021, that he realized Lee had lied to him. (*Id.*, ¶ 8.) Non-defendant Warden Randall Hepp upheld the ICE's rejection of Hernandez's inmate complaint because he determined that the rejection for untimeliness was appropriate. (ECF No. 19, ¶ 8.)

*Analysis*

It is undisputed that WCI-2021-19706 is the only relevant inmate complaint. The crux of Hernandez's argument is that both the ICE and Warden Hepp erroneously rejected his complaint as untimely—Hernandez filed an inmate complaint within 14 days of learning that his legal paperwork was missing. In short, Hernandez is taking issue with the decision made by the ICE and Warden Hepp.

Federal district courts do not review and pass judgment on the appropriateness of ICRS decisions. If Hernandez believes the ICRS decision is wrong, he may seek review in state court. *See Pirtle v. Cooper*, Case No. 15-CV-685, 2015 WL 4773166 at * 3 (E.D. Wis. Aug. 12, 2015).

Accordingly, the court cannot question whether ICE decision was the right one or whether the ICE should have accepted the late filing for good cause. It can only consider whether Hernandez complied with the process to exhaust his administrative remedies. As it stands on the record, Hernandez's inmate complaint was untimely. As such, he failed to exhaust his administrative remedies. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In other words, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). Hernandez needed to file his inmate complaint within 14 days of the incident, and he failed to do so. He did not comply with the ICRS's deadlines, so he did not exhaust his administrative remedies.

**CONCLUSION**

For the reasons stated above, Hernandez failed to exhaust his administrative remedies for his access to courts claim Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

STEPHEN DRIES
United States Magistrate Judge